IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>-vs- )<br>) Criminal No. 02-93-14<br>LEROY BERRY )<br>) Civil Action No. 05-658<br>Defendant. ) | |

AMBROSE, Chief District Judge.

# OPINION
## and
## ORDER OF COURT

### SYNOPSIS

This matter involves Petitioner Leroy Berry's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate"), pursuant to 28 U.S.C. §2255, filed on May 11, 2005. (Docket No. 687). The Government responded to the Motion to Vacate on June 15, 2005. (Docket No. 698). The Motion to Vacate is now ripe for review.

On March 13, 2003, a federal grand jury in the Western District of Pennsylvania returned a 111-count superseding indictment charging Petitioner and 22 co-defendants with offenses related to a drug-trafficking conspiracy. On April 5, 2004, Petitioner changed his plea to guilty as to count one of the indictment: conspiracy to distribute and possess with the intent to distribute one kilogram or more of

1

heroin, five kilograms or more of cocaine, and/or fifty grams or more of cocaine base, Schedule I and II controlled substances.

On July 26, 2004, I sentenced Petitioner to a term of 135 months imprisonment and five years of supervised release. Petitioner did not file a direct appeal with the United States Court of Appeals for the Third Circuit. Petitioner filed the instant Motion to Vacate his sentence on May 11, 2005. After careful consideration of the submissions of the parties and as set forth more fully below, Petitioner's Motion to Vacate (Docket No. 687) is denied.

## OPINION

### I. STANDARD OF REVIEW

28 U.S.C. § 2255 provides a means of collaterally attacking a sentence imposed after a conviction. United States v. Cannistraro, 734 F. Supp. 1110, 1119 (D.N.J. 1989), aff'd, 919 F.2d 133 and 919 F.2d 137 (3d Cir. 1990). Pursuant to Section 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997) (citing Hill

v. United States, 368 U.S. 424, 428 (1962)).

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, No. 02-2604, 2004 U.S. App. LEXIS 5692, at *4 (3d Cir. Mar. 26, 2004). Under that standard, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

## II. PETITIONER'S MOTION

Petitioner's Motion asserts two basic claims of error. First, Petitioner argues that the use in his Presentence Report of prior state convictions, which were obtained without a grand jury indictment, denied him due process of law. Second, Petitioner contends that his former attorney, Jon Pushinsky, rendered ineffective assistance by allowing prior convictions to be included in the Presentence Report and by failing to argue for a minor role reduction in accordance with U.S. Sentencing Guidelines Manual § 3B1.2 (1998).

### A. DUE PROCESS

I first address Petitioner's contention that the use in his Presentence Report of prior state convictions, which were not the result of an indictment by a grand jury, denied him due process of law in violation of the Fifth Amendment to the United States Constitution. This argument is without merit.

The Fifth Amendment provides, inter alia, that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. Petitioner contends that

3

because his state court convictions were obtained without such a presentment or indictment, that it was error to hold Petitioner accountable for those convictions and to include them in the Presentence Report. As the United States Supreme Court has held, however, the Fifth Amendment's grand jury indictment requirement does <u>not</u> apply to state convictions. <u>Alexander v. Louisiana</u>, 405 U.S. 625, 633 (1972) ("Although the Due Process Clause guarantees petitioner a fair trial, it does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury."); <u>see</u> <u>also</u> <u>Hartman v. Lee</u>, 283 F.3d 190, 195 n.4 (4th Cir. 2002); <u>Patterson v. Beyer</u>, 665 F. Supp. 364, 366 (D.N.J. 1987). Thus, the fact that the Presentence Report included state convictions that were not obtained through grand jury indictment does not give rise to a due process violation. It likewise was not a constitutional error for the U.S. Attorney to hold Petitioner accountable for those prior convictions.

Accordingly, the due process issue raised in Petitioner's Section 2255 Motion to Vacate is denied.

## B. <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

I next address Petitioner's claim is that his counsel was ineffective in violation of the Sixth Amendment to the United States Constitution.

### 1. <u>Legal Standard</u>

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, whether appointed or retained. <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 344 (1980). In order to obtain relief on an ineffective assistance claim, a petitioner

must demonstrate that his attorney's representation was both professionally unreasonable (performance prong) and prejudicial to the outcome of the proceeding (prejudice prong). Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

With respect to the performance prong of an ineffective assistance claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland, 466 U.S. at 689. "It is . . . only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989). To demonstrate that counsel was ineffective, a defendant must demonstrate that his attorney's performance fell below "the wide range of professionally competent assistance." Strickland, 466 U.S. at 687. Counsel is not ineffective for failing to raise meritless claims. Parrish v. Fulcomer, 150 F.3d 326, 328 (3d Cir. 1998).

"There is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry [prejudice and performance] if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

### 2. Petitioner's Arguments

Here, Petitioner asserts that his counsel was ineffective for two reasons. See Motion to Vacate, ¶12 and attachments. I will examine each reason in turn.

Petitioner's first, and primary, argument is that his attorney was ineffective because he allowed Petitioner's previous state convictions, which were obtained without an indictment by a grand jury, to be used in the determination of

Petitioner's criminal history. As explained above, however, the Fifth Amendment grand jury indictment requirement does not apply to the states. Accordingly, the consideration of Petitioner's prior state convictions did not violate his due process rights, and Mr. Pushinsky was not ineffective for failing to challenge those convictions.

Second, Petitioner argues that Mr. Pushinsky was ineffective because he failed to seek a reduction of Petitioner's sentence for a minimal or minor role in accordance with United States Sentencing Guidelines Manual § 3B1.2 (1998). This argument likewise is without merit.

Section 3B1.2 of the Sentencing Guidelines Manual provides:

> Based on the defendant's role in the offense, decrease the offense level as follows:
>
> > (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
> >
> > (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
>
> In cases falling between (a) and (b), decrease by 3 levels.

U.S. Sentencing Guidelines Manual § 3B1.2 (1998). As the Commentary to section 3B1.2 explains, "the role in offense adjustment is designed 'for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant.'" United States v. Headley, 923 F.2d 1079, 1084 (3d Cir. 1991) (quoting U.S. Sentencing Guidelines Manual § 3B1.2 cmt.).

Here, there is no factual evidence to support Petitioner's claim that he played only a minimal or minor role in the conspiracy as contemplated by this guideline

section. To the contrary, according to the Presentence Report, the evidence showed (through the "testimony of numerous witnesses" and taped conversations) that Petitioner assisted Donald Lyles in distributing heroin; that he sent Pamela Watson to receive 3 kilograms of heroin; and that he was collecting money for Lyles. Presentence Report at 5. The evidence also showed that Berry had customers of his own to whom he distributed heroin and that he was responsible for distributing at least 3 kilograms of heroin. Id. This evidence suggests that Petitioner played more than just a minimal or minor role in the conspiracy. Thus, Petitioner has not shown that Mr. Pushinsky's failure to raise the departure issue did not fall outside "the wide range of professionally competent assistance." Strickland, 466 U.S. at 689.

The Court of Appeals for the Third Circuit's decision in United States v. Headley, 923 F.3d 1079 (3d Cir. 1991), which Petitioner cites in support of his argument, does not change this result. Although the court in Headley found that the defendant's counsel was ineffective for failing to argue for a downward adjustment under section 3B1.2 in a drug conspiracy case, 923 F.2d at 1084-85, the facts in Headley are distinguishable. Significantly, the evidence in Headley showed that the defendant's role in the conspiracy was limited to that of a courier. Id. at 1083-84. Moreover, the Presentence Report in Headley specifically stated that "[a]lthough Ms. Headley may have had full knowledge about the scope of the crime, it appears that her actual involvement may have been limited to that of being a courier on several occasions," id. at 1084, thus putting Headley's counsel on notice that it might be "fruitful to seek a downward adjustment." Id. The evidence in

7

Headley also showed, among other things, that Headley "lived in Brooklyn while the conspiracy was centered in Philadelphia," thus suggesting that she was significantly less involved than the other members of the conspiracy. Id.

In contrast, the evidence in this case indicates that Petitioner's role in the conspiracy was much greater than that of the defendant in Headley. As set forth above, the Presentence Report indicates that Petitioner was distributing drugs, referring clients, collecting money, and had customers of his own. In addition, unlike in Headley, nothing in the Presentence Report suggests that Petitioner's role in the conspiracy was minor or that a downward adjustment under 3B1.2 would be appropriate. Also, unlike the defendant in Headley, Petitioner resided in Pittsburgh and, thus, was not geographically removed from the center of the conspiracy.

For all of these reasons, Headley does not dictate a finding of ineffectiveness here. To the contrary, as set forth above, based on the facts of this case, Mr. Pushinsky's failure to raise the departure issue did not fall outside "the wide range of professionally competent assistance." Strickland, 466 U.S. at 689.

Because Petitioner has failed to show that his counsel's performance was deficient, I need not reach the issue of whether Petitioner was prejudiced by his attorney's representation. See United States v. Roberson, 194 F.3d 408, 418 (3d Cir. 1999) (citing Strickland, 466 U.S. at 697).

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." In

this case, for the reasons stated in the foregoing Opinion, Petitioner has not made such a showing. Therefore, a certificate of appealability will not issue.

## **CONCLUSION**

In sum, Petitioner has not stated sufficient grounds for relief under Section 2255. He has failed to demonstrate that counsel's performance fell below applicable standards, or that he was prejudiced thereby. Additionally, he has failed to demonstrate that he was denied due process. To the contrary, it appears that the Government acted consistently with its reasonably understood obligations and that counsel rendered at least reasonably competent assistance. For all of these reasons, Petitioner's Motion is denied.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DATE FILED:            JULY 6, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>-vs- )<br>) Criminal No. 02-93-14<br>LEROY BERRY )<br>) Civil Action No. 05-658<br>Defendant. ) | |

AMBROSE, Chief District Judge.

## **ORDER OF COURT**

AND NOW, this **6th** day of July, 2005, it is Ordered that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 687) is DENIED. Furthermore, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue in any respect.

This Order shall be entered on both the civil and criminal dockets, and this case marked CLOSED forthwith.

BY THE COURT:

/S/_____

Donetta W. Ambrose,
Chief U. S. District Judge

10